**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| PRENTICE WILLIAMS, | |
| Plaintiff, | CIVIL ACTION FILE NO.: _____ |
| v. | |
| APPROVESHIELD, LLC, | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT

Plaintiff, Prentice Williams ("Plaintiff"), by counsel, hereby files his Complaint ("Complaint") against Defendant ApproveShield, LLC ("Defendant"), as follows:

## INTRODUCTION

1. This is an action seeking redress for Defendant's several violations of the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq*. ("FCRA").

2. Plaintiff is a "consumer" and Defendant is a "consumer reporting agency" as those terms are defined in the FCRA.

3. Defendant prepared an inaccurate consumer report concerning Plaintiff ("Report") and provided it to Highlands at Sugarloaf ("Highlands") when Plaintiff applied to lease an apartment at Highlands.

4.     Plaintiff was denied the opportunity to rent the apartment at Highlands and suffered other harm as a result of the inaccurate Report Defendant prepared and furnished about him.

5.     Plaintiff is a natural person and a "consumer" under the FCRA. He resides in this District and Division.

6.     At all times material to this action, Defendant was a foreign for-profit limited liability company doing business in the State of Georgia and in this District.  Defendant sells consumer reports in this District.  Defendant communicates with Plaintiff and other consumers that reside in this District. Defendant derives profit from companies in this District, like Highlands, to who it sells consumer reports.

7.     Defendant may be served with a copy of this Complaint and accompanying Summons through its registered agent for service, to wit: Northwest Registered Agent, LLC, 5900 Balcones Drive, Suite 100, Austin, TX 78731.

8.     This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

9.     Venue lies properly in this District and Division pursuant to 28 U.S.C. § 1391(b)(2) as Defendant conducts business in this District and Division and a substantial portion of events or omissions giving rise to the claims occurred in this District and Division.

10.    Defendant is subject to the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

11.    In January 2026, Plaintiff applied to lease an apartment with Highlands.  Plaintiff had just accepted a new professional job as a licensed healthcare therapist and sought reasonable housing for him and his minor child that was suitable for his new job and commute.  Plaintiff provided Highlands with his completed application including details about his new job, including his offer letter from his new employer.

12.    As part of the leasing process, Highlands requested and obtained a consumer report concerning Plaintiff from Defendant.  Highlands paid Defendant for the consumer report.

13.    Defendant provided Plaintiff's consumer report to Highlands.

14.    Defendant received the application materials from Highlands, including the offer letter from Plaintiff's new employer.

15.    Plaintiff's new job offer was legitimate.  His new employer was, and is, legitimate.  His new salary referenced in the offer letter was legitimate.

16.    Part of Defendant's policies and procedures is to contact potential employers to confirm the validity of job offer letters as part of the application process.

17.     Defendant could have contacted Plaintiff's new employer to confirm the details and validity of the offer letter it had concerning Plaintiff.  Defendant did not, however, contact Plaintiff's employer to do so.  This violated Defendant's very own policies and procedures.

18.     Notwithstanding the fact that Defendant was in possession of the job offer letter and never contacted Defendant's employer to verify it, Defendant falsely and inaccurate included in its Report about Plaintiff to Highlands that Plaintiff had "insufficient income" to rent the apartment from Highlands.

19.     Had Defendant simply contacted Plaintiff's new employer, the new employer would have confirmed the details of the offer letter.  In fact, Plaintiff is presently employed by the very employer listed in the offer letter and receiving the same income listed in the letter.  Facts that Defendant readily could have verified but recklessly chose not to.

20.     On February 10, 2026, Defendant, acting alone or in concert with Highlands, sent Plaintiff an adverse action email ("Adverse Action") advising him that he had been denied the apartment because of "insufficient income."  A copy of the Adverse Action is attached hereto as Exhibit A.  The Adverse Action stated that the Report was based on information from Defendant and Equifax – both consumer reporting agencies.  The Adverse Action was presumably intended to comply with the adverse action notice requirements of Section 1681m of the FCRA.

4

21.     The Adverse Action notice provided by Defendant to Plaintiff did not include the telephone numbers of Defendant and Equifax.  Section 1681m of the FCRA requires that the telephone numbers of consumer reporting agencies used to make the adverse action be included in the adverse action notice.  Defendant, acting alone or in concert with Highlands, violated Section 1681m of the FCRA by failing to include the telephone numbers of Defendant and/or Equifax in the Adverse Action notice.

22.     Defendant's Report about Plaintiff was inaccurate because Plaintiff did have sufficient income to rent the apartment from Highlands.  Even Defendant's own procedures permitted an applicant to rely on a job offer letter like the one provided by Plaintiff.

23.     Defendant failed to follow reasonable procedures in preparing and providing the consumer report about Plaintiff to Highlands to confirm it was accurate. Defendant's conduct violated the FCRA.

24.     On February 10, 2026, after receiving the Adverse Action, Plaintiff disputed the accuracy of the Report directly with Defendant (the "Dispute").  Plaintiff included documents with his Dispute including the signed offer letter and details about his housing situation as a displaced person.   Defendant received Plaintiff's Dispute.

5

25.    Defendant had an obligation under the FCRA to investigate Plaintiff's Dispute.

26.    On February 11, 2026, less than 24 hours after it received Plaintiff's Dispute, Defendant advised Plaintiff that its investigation of the Dispute was complete and that Defendant had determined, in that short period of time, that its reporting was accurate and that Plaintiff's offer letter was "unverifiable."

27.    Defendant did not call Plaintiff as part of its investigation of this Dispute.  Defendant did not contact Plaintiff's new employer listed in the offer letter as part of its investigation of Plaintiff's Dispute.  Defendant's investigation of Plaintiff's Dispute was not reasonable.

28.    As a result of Defendant's violations of the FCRA, Plaintiff suffered damages including being denied the apartment for himself and his minor child in need of a reasonable place to live within commuting distance for his new place of employment; having to sleep in his car for a period of time when he could not obtain housing; embarrassment from being denied housing and Defendant's false statement to Highlands that he had "insufficient income" when this was false and inaccurate; embarrassment in front of his minor child for not being able to provide safe and reliable housing; reputational harm because of Defendant's false report to Highlands; emotional distress and discomfort from lacking housing and having to sleep in his car; sleeplessness from worrying how he would be able to move into a

6

more suitable apartment given Defendant's false reporting; time and effort reviewing his credit file to understand what Defendant had done and he was denied the apartment; time and effort to make his disputes with Defendant and request a copy of his credit file; and other damages to be shown at trial.

29.    Plaintiff has also had to retain counsel to protect his rights.

**COUNT ONE:**
**Defendant's Violations of the FCRA – 15 U.S.C. § 1681e(b)**

30.    The consumer Report that Defendant prepared concerning Plaintiff was inaccurate for the reasons described above because Plaintiff did have sufficient income to rent the apartment.

31.    Defendant negligently or recklessly failed to maintain and follow reasonable procedures designed to assure maximum possible accuracy of the information in the consumer reports it prepared on Plaintiff and provided to Highlands.  Defendant's conduct violated Section 1681e(b) of the FCRA.

32.    As a result, Plaintiff has suffered and is entitled to recover his actual damages as described in Paragraph 28 above, in an amount to be proven at trial and as allowed by 15 U.S.C. § 1681n(a)(1)(A) or 15 U.S.C. § 1681o(a)(1).

33.    In the alternative, and as a result of Defendant's reckless and willful violations of 15 U.S.C. §1681e(b), Plaintiff is entitled to recover statutory damages in the amount of $1,000 as allowed by 15 U.S.C. §1681n(a)(1)(A).

34. As a result of Defendant's reckless and willful violations of 15 U.S.C. §1681e(b), Plaintiff is entitled to recover punitive damages as allowed by 15 U.S.C. §1681n(a)(2).

35. Plaintiff is also entitled to recover the costs of this action and his reasonable attorney's fees as allowed by 15 U.S.C. § 1681n(a)(3) or 15 U.S.C. § 1681o(a)(2).

### COUNT TWO:
**Defendant's Violations of the FCRA – 15 U.S.C. § 1681i(a)**

36. The consumer Report that Defendant prepared concerning Plaintiff was inaccurate for the reasons described above because Plaintiff did have sufficient income to rent the apartment.

37. Plaintiff disputed the inaccurate Report with Defendant.

38. Defendant completed its investigation of the Dispute in less than 24 hours.

39. Defendant's investigation of the Dispute was not reasonable.

40. Defendant did not contact Plaintiff's new employer listed in the offer letter as part of its investigation of the Dispute.

41. Defendant negligently or recklessly failed to undertake a reasonable investigation of Plaintiff's Dispute. Defendant's conduct violated Section 1681i(a) of the FCRA.

42.    As a result, Plaintiff has suffered and is entitled to recover his actual damages as described in Paragraph 28 above, in an amount to be proven at trial and as allowed by 15 U.S.C. § 1681n(a)(1)(A) or 15 U.S.C. § 1681o(a)(1).

43.    In the alternative, and as a result of Defendant's reckless and willful violations of 15 U.S.C. §1681e(b), Plaintiff is entitled to recover statutory damages in the amount of $1,000 as allowed by 15 U.S.C. §1681n(a)(1)(A).

44.    As a result of Defendant's reckless and willful violations of 15 U.S.C. §1681e(b), Plaintiff is entitled to recover punitive damages as allowed by 15 U.S.C. §1681n(a)(2).

45.    Plaintiff is also entitled to recover the costs of this action and his reasonable attorney's fees as allowed by 15 U.S.C. § 1681n(a)(3) or 15 U.S.C. § 1681o(a)(2).

WHEREFORE, Plaintiff requests the following relief:

1.    an award of actual damages in his favor;

2.    an award of statutory damages in his favor;

3.    an award of punitive damages in his favor;

4.    an award of his costs and reasonable attorney's fees; and,

5.    all other relief the Court deems just and proper.

9

## DEMAND FOR JURY TRIAL

Plaintiff, Prentice Williams, pursuant to Rule 38, Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.

Dated: March 25, 2026.                    Respectfully submitted,


*/s/ John A. Love*
John A. Love
Georgia Bar No. 459155
**LOVE CONSUMER LAW**
2500 Northwinds Parkway, Suite 330
Alpharetta, GA 30009
(tel.) 404.855.3600
(fax) 404.301.2300
tlove@loveconsumerlaw.com

Craig E. Bertschi
Georgia Bar No. 055739
**MCRAE BERTSCHI & COLE LLC**
1872 Independence Square, Suite D
Dunwoody, Georgia 30338
678.999.1102
ceb@mcraebertschi.com

*Counsel for Plaintiff*